**SHEPHERD, FINKELMAN, MILLER**
**& SHAH, LLP**
James C. Shah
Natalie Finkelman Bennett
475 White Horse Pike
Collingswood, NJ 08107
Telephone: (856) 858-1770
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com
       nfinkelman@sfmslaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON REGISTER, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>GNC HOLDINGS, INC.,<br><br>      Defendant. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

Plaintiff, Brandon Register ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges, on personal knowledge as to all facts related to himself and upon information and belief (based on the investigation of counsel) as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Defendant, GNC Holdings, Inc. ("Defendant" or "GNC"), is in the business of selling nutritional supplements.  In so doing, it oversees the operation of hundreds of stores throughout the United States, including numerous stores throughout New Jersey.

2.      For a number of years, GNC offered customers the opportunity to join its Gold Card Program ("Program").  In exchange for an annual payment of $15, Program members received a Gold Card, which entitled them to receive a substantial discount on the purchase of in-store items for a one-year period.  The Program was very popular with GNC's customers, with more than 7 million individuals participating in the Program nationwide.  In December 2016, GNC unilaterally discontinued the Program, resulting in Plaintiff and millions of other members of the Class (defined below) being unable to receive the benefits of the Program for the full one-year period contemplated when they paid to join the Program.

3.      Plaintiff and the members of the Class have been damaged and suffered an ascertainable loss as a result of GNC's conduct.

4.      As set forth more fully below, GNC's conduct constitutes a breach of contract, as well as violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq*. ("CFA").

5.      Though this action, Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs and all other relief available to the Class as a result of GNC's unlawful conduct.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which the majority of Class members and Defendant are citizens of different states.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District and GNC transacts substantial business in this District and, thus, is subject to personal jurisdiction in this District.  Additionally, GNC has advertised in this District and sold Gold Cards through the Program in this District such that a substantial part of the events and/or omissions giving rise to the claims occurred within this District.

8.      This Court has personal jurisdiction over Defendant.  Defendant owns and operates stores in this District and sold thousands of Gold Cards in this District, including to Plaintiff.  As such, Defendant has conducted substantial business in this District.

## THE PARTIES

9.      Plaintiff is a resident and citizen of Winslow Township, Camden County, New Jersey.

10.      GNC is a Delaware corporation which maintains its headquarters and principal place of business in Pittsburgh, Pennsylvania.  GNC, thus, is a citizen of both Delaware and Pennsylvania.  GNC holds itself out as being the largest supplement provider in the world.

3

## STATEMENT OF FACTS

11.     This class action is brought against GNC for the benefit and protection of Program members who did not receive the full one-year benefit of their Gold Card at the time GNC discontinued its Program in December 2016.

12.     GNC holds itself out as being a leading global specialty retailer of health and wellness products, including vitamins, minerals, and herbal supplement products, sports nutrition products and diet products.  GNC trades on the New York Stock Exchange and oversees the operation of thousands of stores nationwide.

13.     For many years, GNC offered customers the opportunity to join its Program, which provided them with a Gold Card entitling them to receive a substantial discount on the purchase of in-store items.  In order to join the Program, customers were required to pay $15 for an annual membership.  The Program was successful and well received by GNC customers, with millions of Program members actively participating nationwide.

14.     In December 2016, GNC unilaterally discontinued the Program, resulting in Plaintiff and millions of other members of the Class being unable to receive the benefits of the Program for the full one-year period contemplated when they purchased their Gold Cards.

15.     Remarkably, GNC was continuing to sell Gold Cards until just a few weeks prior to the discontinuation of the Program, while having full knowledge that purchasers would not receive the benefit of the Program.

**Plaintiff's Experience**

16.     Plaintiff has been purchasing nutritional supplements from GNC on a regular basis since 2005.

17.    In or about 2015, Plaintiff was made aware of GNC's Program.  The Program was of interest to Plaintiff because he determined that the substantial discount he would receive on purchases would more than make up for the $15 annual cost to join the Program.

18.    In or about March 2016, Plaintiff decided to renew his Program membership and paid $15 for a Gold Card at a GNC store located in Glassboro, New Jersey.

19.    In December 2016 GNC unilaterally discontinued the Program, resulting in Plaintiff not having the benefit of the Gold Card for more than three months, or more than one-quarter of the annual membership period.

20.    When he purchased his Gold Card in March 2016, Plaintiff understood that GNC had promised that his membership in the Program would be valid for a full one-year period and he relied on that representation.  Furthermore, GNC's representations regarding the length of the membership was material to Plaintiff, as it would be to any reasonable consumer when determining to purchase a membership.

21.    As a result of GNC's unilateral discontinuance of the Program, Plaintiff suffered actual damages and loss, at a minimum, for the *pro rata* portion of this membership that he was unable to use.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action on behalf of himself and all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following classes (collectively, the "Class"):

**Nationwide Class**:

All persons who purchased a GNC Program membership in the United States after December 1, 2015.

5

**New Jersey Class**:

All persons who purchased a GNC Program membership in New Jersey after December 1, 2015.

23.     Specifically excluded from the Class are: (a) Defendant, its officers, directors, agents, trustees, corporations, trusts, representatives, employees, principals, partners, joint ventures, or entities controlled by Defendant; (b) any person who has suffered personal injury or is alleged to have suffered personal injury as a result of the purchase of a Program membership; (c) Plaintiff's counsel; and (d) the Judge to whom this case is assigned.

24.     **Numerosity/Impracticability of Joinder**.  The members of the Class are so numerous that joinder of all members is impracticable.  The proposed Class includes millions of members.  The precise number of Class members can be ascertained by reviewing documents in Defendant's possession, custody, and control, or otherwise obtained through reasonable means.

25.     **Typicality**.  The representative Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent.  Plaintiff and all members of the Class purchased Program memberships and did not receive the benefit of the one-year membership they were promised.  Plaintiff and all members of the Class, thus, have sustained damages arising out of the same wrongful course of conduct.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

26.     **Commonality and Predominance**.  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

a.    Whether GNC represented that the Program membership would be for a period of one year;

b.    Whether GNC, as to Plaintiff and the Class, discontinued the Program prior to the expiration of a one-year period.

c.    Whether GNC breached its contracts with Plaintiff and the Class;

d.    Whether GNC engaged in a pattern of fraudulent, deceptive, and misleading conduct targeting the public through the marketing, advertising and sale of memberships to the Program;

e.    Whether Defendant made material misrepresentations of fact or omitted to state material facts to Plaintiff and the Class regarding the marketing, advertising and sale of memberships to the Program;

f.    Whether GNC's false and misleading statements of fact and concealment of material facts regarding membership to the Program were intended to deceive the public;

g.    Whether Plaintiff and the members of the Class have sustained loss and incurred damages as a result of Defendant's acts and omissions, and the proper measure thereof; and

h.    Whether such conduct violates statutory and common law prohibitions against such conduct, as detailed more fully below.

27.    **Adequacy**.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously.  Plaintiff is a

member of the Class and does not have interests antagonistic to, or in conflict with, the other members of the Class.

28.     **Superiority**.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, among other things, individual litigation and/or joinder of all members of the Class is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by individual Class members as a result of Defendant's wrongful conduct alleged herein are too small to warrant the expense of individual litigation. The likelihood of individual Class members prosecuting their own separate claims is remote and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions and individualized litigation would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues.  Plaintiff does not foresee any difficulty in the management of this litigation that would preclude its maintenance as a class action.  In addition, Defendant has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

29.     Adequate notice can be given to Class members by directly using information maintained in Defendant's records, or through notice by publication.

8

## FIRST CAUSE OF ACTION
### Asserted on Behalf of the Nationwide Class and, Alternatively, the New Jersey Class
### (Breach of Contract)

30.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

31.     GNC entered into a contract with Plaintiff and the members of the Class when it sold Gold Cards to enrollees of the Program.

32.     Plaintiff and the members of the Class complied with all of their obligations under the terms of the contract.

33.     A material term of that contract was that the Program membership would be valid for a one-year period.

34.     GNC breached its contract with Plaintiff and the members of the Class when it discontinued the Program prior to the expiration of the one-year membership period.

35.     As a result of GNC's breach, Plaintiff and the members of the Class have been damaged.

## SECOND CAUSE OF ACTION
### Asserted on Behalf of the New Jersey Class
### (Violations of N.J.S.A. § 56:8-1, *et seq.*)

36.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

37.     Plaintiff, the New Jersey Class members and Defendant are "persons" within the meaning of the CFA.

38.     Plaintiff and the New Jersey Class members are "consumers" within the meaning of the CFA.

39.     The Program is "merchandise" within the meaning of the CFA.

9

40.     At all relevant times material hereto, Defendant has conducted trade and commerce in New Jersey and elsewhere within the meaning of the CFA.

41.     The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes or common law.

42.     Defendant has engaged in deceptive practices in the sale of the Program memberships because it represented that the membership would be valid for a one-year period when, in fact, it knew that would be not be the case.

43.     Similarly, Defendant also failed to disclose material facts regarding the Program memberships; namely, that they would not be valid for a one-year period.

44.     Defendant's unconscionable conduct described herein included its false representations and the omission and concealment of material facts concerning length of the Program membership.

45.     Defendant intended that Plaintiff and the other members of the Class rely on these acts of concealment and omissions, so that Plaintiff and other New Jersey Class members would purchase the Program memberships.

46.     The false and misleading representations were intended to, and likely to, deceive a reasonable consumer.

47.     The facts not disclosed would be material to the reasonable consumer, and are facts that a reasonable consumer would consider important in deciding whether to purchase the Program membership.

10

48.    Defendant's representations and omissions were, and are, material to reasonable consumers, including Plaintiff, in connection with their respective decisions to purchase the Program memberships.

49.    Had Defendant not engaged in false and misleading advertising regarding the Program, Plaintiff and other members of the New Jersey Class would not have purchased the Program memberships.

50.    Had Defendant disclosed all material information regarding the Program memberships to Plaintiff and other members of the New Jersey Class, they would not have purchased the Program memberships, or would have paid less for them.

51.    The foregoing acts, omissions and practices directly, foreseeably and proximately caused Plaintiff and other members of the New Jersey Class to suffer an ascertainable loss in the form of, *inter alia*, the *pro rata* amount spent for the Program memberships which they were unable to use, together with appropriate penalties, including, but not limited to, treble damages, attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class, prays for judgment and relief as follows as appropriate for the above causes of action:

A.    An Order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

B.    All recoverable compensatory and other damages sustained by Plaintiff and the Class;

C.    Actual and/or statutory damages for injuries suffered by Plaintiff and the Class and in the maximum amount permitted by applicable law;

11

D.      Statutory pre-judgment and post-judgment interest on any amounts;

E.      Payment of reasonable attorneys' fees and costs; and

F.      Such other and further relief as the Court may deem necessary or appropriate.


Dated: February 24, 2017                    SHEPHERD, FINKELMAN, MILLER
                                             & SHAH, LLP


                                        By:    /s/ James C. Shah
                                            James C. Shah
                                            Natalie Finkelman Bennett
                                            475 White Horse Pike
                                            Collingswood, NJ 08107
                                            Telephone: (856) 858-1770
                                            Facsimile: (866) 300-7367
                                            Email: jshah@sfmslaw.com
                                                     nfinkelman@sfmslaw.com


                                        *Attorneys for Plaintiff and the Proposed Class*