IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRANDON REGISTER, On Behalf Of Himself and All Others Similarly Situated, | |
| Plaintiff, | Civil No. 17-1320 (RBK/AMD) |
| v. | **OPINION** |
| GNC HOLDINGS, INC., | |
| Defendant. | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon defendant GNC Holdings, Inc.'s ("GNC"), motion to dismiss plaintiff Brandon Register's ("Register") class action complaint or, in the alternative, transfer this action to the Western District of Pennsylvania. Because the Court finds that the forum selection clause in the parties' agreement is valid, the motion to transfer is **GRANTED** and this case will be transferred to the Western District of Pennsylvania.[1]

**I.     BACKGROUND**

GNC is a global health and wellness products retailer. *See* Def. Br. at 3. This action arises from GNC's Gold Card Program which afforded benefits to customers for repeatedly shopping at GNC. *See* Pl. Br. at 1; Compl. GNC has made various changes to this program since its inception in 1991. *See* Def. Br. at 1. Register purchased a membership loyalty Gold Card ("Card") from

---

[1] Because this Court is not the proper venue for this action, we do not consider GNC's motion to dismiss.

1

GNC in 2015, and renewed it in March 2016. *See* Pl. Br. at 1-2. In December 2016, GNC "restructur[ed]" its Card program, eliminating membership pricing and Card benefits. Def. Br. at 1. Register brings a breach of contract claim on behalf of a nationwide class as a result of this cancellation. *Id.* Register also brings a New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 ("CFA"), claim on behalf of a New Jersey subclass. *See* Compl.

The Card itself is gold and was provided to Register at purchase.[2] *See* Def. Br. at 3. The back of the card reads, "GNC reserves the right to vary, change, or discontinue the privileges granted by this card without prior notice . . . The card purchase price is non-refundable." *See* Def. Br. at 5. The Card has accompanying terms and conditions. *See Id.*; Pl. Br. at 2. Amongst these terms and conditions is a forum selection clause submitting any claim relating to the Card program, its terms, or the relationship between the customer and GNC to the laws of the United States and Pennsylvania and agreeing to personal and exclusive jurisdiction of the courts located within Pennsylvania. *See* Def. Br. Ex. A.

## II.  DISCUSSION

Federal law determines whether a forum selection clause is enforceable. 28 U.S.C. § 1404(a). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotations omitted). In the Third Circuit, a forum selection clause is generally valid unless: (1) it is the result of fraud or

---

[2] Generally, 12(b)(6) motions are limited to the pleadings. Here, though, the Court does not reach the 12(b)(6) motion because the venue issue is decided first. Because the complaint and cause of action is contractual—it relies upon the Card itself and the Card's terms and conditions to assert a breach of contract—the Court may incorporate the Card and its terms by reference to decide where venue is appropriate. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

2

overreach; (2) enforcement would violate strong public policy of the forum; or (3) enforcement would, under the particular circumstances, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) (citing *M/S Bremen*, 407 U.S. at 10) *overruled on other grounds Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989).

The forum selection clause at issue is reasonable. Register, rather than argue the merits under the three-factor test, asserts that because GNC did not give him the terms and conditions before he bought the Card membership, those terms and conditions are invalid. Register used the Card. This Card contained a URL to GNC's website where the terms and conditions were readily available. He renewed his membership *after* using the card—thus, he unambiguously had the terms and conditions *before* he bought the disputed second membership term.[3]

As such, this Court moves on to the three factor test. First, this clause was not agreed to through fraudulent means—Register has introduced no evidence of any type of fraud. Second, while the parties did not specifically bargain over this clause and an assessment by this Court of the equity of the bargaining power in this relationship would be speculative at this time, we can presume that there was appropriate consideration in the form of a lower price for the venue selection clause. *Hodes v. S.N.C. Achille Lauro*, 858 F.2d 905, 913 (3d. Cir. 1988) (upholding a forum selection clause requiring consumers to assert their claims in Italy because the Court allowed a presumption that the clause resulted in a lower price for the good). Third, the Western District of Pennsylvania would likely be *more* convenient for the parties on balance. Besides the deference this Court must give to the parties' contractual choice, GNC is located there so

---

[3] Plaintiff fails to cite to any authority that says parties cannot be contemporaneously bound by contractual terms and agreements. This Court need not, however, reach this bold assertion.

witnesses and documents will be more readily available—this Court is aware that discovery will, should this case proceed beyond GNC's Fed. R. Civ. P. 12(b)(6) challenge in the transferee forum, likely be quite one-sided.

### III. CONCLUSION

For the foregoing reasons, GNC's motion to transfer is hereby **GRANTED**, and this civil action is transferred to the Western District of Pennsylvania.

Dated:  10/17/2017                          s/Robert B. Kugler  
                                                                     ROBERT B. KUGLER  
                                                                     United States District Judge